

05/18/2011 Withdrawn. The 05/19/11 hearing is canceled.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:   JAMES J. MAGEE,                                              Chapter 13
        Debtor.                                                      Case No: 11-10750-JNF

**TRUSTEE'S OBJECTION TO CONFIRMATION OF
DEBTOR'S CHAPTER 13 PLAN**

       Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to confirmation of the Debtor's Chapter 13 Plan ("the Plan"), and as reasons therefore states as follows:

       1.     On January 31, 2011, the Debtor commenced this case under Chapter 13 of the United States Bankruptcy Code. On March 15, 2011, the Trustee convened the §341 meeting of creditors at which the Debtor and Debtor's counsel were present.

       2.     On February 15, 2011, the Debtor filed the Plan. The Plan provides for $0 payments for 6 months with a lump sum of $30,805.00 to be paid from the sale of the Debtor's residence. The Plan proposes a dividend of 20.597% to unsecured creditors. The Debtor lists a total of $36,607.00 in unsecured claims, and proposes to pay a total of $7,540.00 to the unsecured creditors.

       3.     In the Plan, the Debtor claims under the Liquidation Analysis that the fair market value of his residence is $389,800.00, with total recorded liens on the property of $290,448.00 for a total net equity of $99,352.00. The Debtor further claims that an exemption of $500,000.00 on Schedule C, leaving 0 available for unsecured creditors under a Chapter 7 case with respect to the residence.

       4.     The Trustee has filed an objection to the Debtor's claim of homestead exemption on schedule C because the Debtor has failed to produce a duly recorded Declaration of Homestead for the property. If the Trustee's objection is sustained, the Debtor will have an

additional $99,352.00 in non-exempt equity that would be available in a chapter 7 and which would be sufficient to pay a 100% dividend to all creditors.

     5.     Therefore, the Debtor's proposed Amended Plan cannot be confirmed, as the Plan does not meet the best interest test of 11 U.S.C. §1325 (a)(4).

     6.     Further, the Plan proposes to make no payments pending the sale of his residence. Pursuant to 11U.S.C. §1326(a)(1), unless the court orders otherwise, the debtor shall commence making payments not less than 30 days after the date of the filing of the plan, or the order for relief, whichever is earlier.  The Trustee therefore objects to the Debtor's proposal to make no monthly payments pending the sale of the residence.

     WHEREFORE, the Trustee requests that the Court sustain her objection to confirmation of the Debtor's Chapter 13 Plan, and for such other relief as is proper.

Dated:  March 25, 2011

Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee
By:  /s/  Patricia A. Remer
Carolyn A. Bankowski BBO 631056
Patricia A. Remer BBO 639594
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114
(617) 723-1313
13trustee@ch13boston.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:   JAMES J. MAGEE,                                         Chapter 13
         Debtor.                                                 Case No: 11-10750-JNF

### Certificate of Service

    The undersigned hereby certifies that on <u>March 25, 2011,</u> a copy of the Trustee's Objection to Confirmation of Debtor's Chapter 13 Plan was served via first class mail, postage prepaid, or by electronic notice, on the debtor and debtor's counsel at the addresses set forth below.

| | |
|---|---|
| James J. Magee | Taylor A. Greene |
| 5 Blackrock Rd. | FAMILYLEGAL |
| Melrose, MA 02176 | 440 Pleasant St |
| | Malden, MA 02148 |

    /s/  Patricia A. Remer
    Patricia A. Remer, BBO 639594